United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Massa Falida Do Banco Cruziero Do | ) | Civil Action No. |
| Sul, S.A., Debtor in Foreign | ) | 17-22072-Civ-Scola |
| Proceeding | ) | |
| | ) | |
| | ) | |
| Laspro Consultores LTDA., Plaintiff | ) | |
| | ) | Bankruptcy Case No. |
| v. | ) | 16-01315-BKC-LMI |
| | ) | |
| Alinia Corporation and 110 CPS, | ) | |
| Inc., Defendants. | ) | |

## Order Adopting Bankruptcy Judge's
## Proposed Findings of Fact and Conclusion of Law

This matter is before the Court on the U.S. Bankruptcy Court for the Southern District of Florida's ("Bankruptcy Court") entry of its proposed findings of fact and conclusions of law ("PFFCL") as to the parties' cross-motions for summary judgment pursuant to 28 U.S.C. § 157(c)(1). For the reasons below, the Court overrules the Defendants' objection **(ECF. No. 10) and adopts** the Bankruptcy Court's PFFCL **(PFFCL, ECF No. 228 in Bankruptcy Case No. 16-01315-BKC-LMI)** (the "Bankruptcy Case"). The Court also **denies** the Defendants' related motion **(ECF No. 13) as moot**.

### 1. Background

This case involves adversarial proceedings before the Bankruptcy Court. Plaintiff Laspro Consultores Ltda. ("Laspro") represents the trustee of Banco Cruzeiro do Sul ("BCSUL"), which is the subject of a Brazilian bankruptcy proceeding. Defendants Alina Corporation and 110 CPS, Inc. are entities that belong to the previous controlling shareholders of BCSUL. The Brazilian proceeding seeks to recover real estate and artwork held by the Defendants on the basis of alleged misappropriation by the Defendants' owners. In 2016, Laspro filed an amended complaint against the Defendants in the Bankruptcy Court alleging thirty-six counts stemming from that alleged misappropriation. In 2021, the Bankruptcy Court entered its PFFCL on the parties' cross-motions for summary judgment, which is now before the Court.

The PFFCL recommends that the Court deny Plaintiff Laspro's motion and partially grant the Defendants' motion. (PFFCL 36.) Laspro timely objected

to the following statement contained in the PFFCL "insofar as it may be a finding of fact and/or conclusion of law[,]" which concerns Laspro's expert witness, Alvin Hommerding: "I already held that it appears Mr. Hommerding did not opine that the money is traceable." (Pl. Obj., ECF No. 10 ¶¶ 8, 10.) That was Laspro's only objection.

The Defendants filed no objection of their own and timely responded to Laspro's objection. (Def. Resp., ECF No. 12.) They argued that the Bankruptcy Court's statement was a "finding of fact" and "therefore, reviewable on a 'clearly erroneous standard.'" (*Id.* 7.) At the same time, the Defendants also admitted that the traceability of the allegedly misappropriated funds would remain irrelevant until the underlying litigation in Brazil is resolved. (*Id.* 9.) Laspro filed no reply nor sought leave to, thus closing briefing on the matter.

However, days after submitting their above response, the Defendants moved the Court for "an order adopting the Bankruptcy Court's" PFFCL "pursuant to" 28 U.S.C. § 157(c)(1) and Fed. Bankr. P. 9033. (Def. Mot., ECF No. 13). Neither Section 157(c)(1) nor Rule 9033 authorizes a party to move a district court for such an order. The procedure is clear: once a party's objection(s) have been briefed, the matter rests with the Court. The additional briefing prompted by the Defendants' motion was unnecessary. That motion is denied as moot.

## 2.  Legal Standard

The Defendants' assertion of a "clearly erroneous" standard is incorrect. (*See* Def. Resp. 7). The Court may enter an order on the basis of the Bankruptcy Court's PFFCL "after reviewing de novo those matters to which any party has timely and specifically objected." 28 U.S.C. 157(c)(1). Specifically, the Court's de novo review extends to "*any portion* of the bankruptcy judge's findings of fact or conclusions of law to which specific written objection has been made . . . ." Fed. Bankr. P. 9033 (emphasis added).

To back up the application of a "clearly erroneous" standard, the Defendants cite to Rule 8013 and two Second Circuit decisions, none of which apply. Rule 8013 governs motion practice in the context of appeals to district courts under 28 U.S.C. § 158, which is not the case here. *See* Fed. Bankr. P. 8001. And because this not an appeal, the Defendants' reliance on *In re Motors Liquidation Co.*, 957 F.3d 357 (2d Cir. 2020) is misplaced. So too is Defendants' reliance on *U.S. v. Berchcansky*, 788 F.3d 102 (2d Cir. 2015), which involves an appellate court's approach to its review of a district court's ruling on a motion to suppress in a child pornography case. Simply, Laspro's objection is subject to de novo review. *See, e.g.,* 28 U.S.C. 157(c)(1); *In re Williford*, 222 Fed. App'x. 843 (11th Cir. 2007).

Separately, as part of the extraneous briefing on the Defendants' motion discussed above, Laspro asserted that the Court is not to make, or adopt, findings of fact in entering an order on the cross-motions for summary judgment. (*See* Pl. Resp. 2-3, ECF No. 14.) However, Fed. R. Civ. P. 56, which applies by virtue of Fed. Bankr. P. 7056, authorizes the Court to "enter an order stating any material fact – including an item of damages or other relief – that is not genuinely in dispute and treating the fact as established in the case" when denying relief requested by a motion for summary judgment. Fed. R. Civ. P. 56(g). Such is the case here.

### 3. Discussion

Regardless, the statement Laspro objected to is neither a finding of fact nor a conclusion of law. The statement is underlined below:

> "The Plaintiff [Laspro] argues that he has demonstrated through the testimony of Alvin Hommerding that all the money used to purchase the Penthouse can be traced . . . However, I find that the Plaintiff has confused the burden of proof. I have already found Mr. Hommerding's testimony on many things to be of questionable value. <u>In fact, I already held that it appears Mr. Hommerding did not opine that the money is traceable</u>.[17] Because the Defendants have expert testimony that there are other sources of funds from which the purchases can be made, which testimony I ruled is admissible, the Defendants have satisfied their 'burden' under Rule 56 of demonstrating this material fact is 'genuinely disputed' . . . Thus, summary judgment is not appropriate."
>
> [17] *Memorandum Opinion on Motions to Exclude Expert Reports and Testimony of Alvin Hommerding and Lopes Machado Consultores* at 10 n.23 (ECF #202).

(PFFCL 33) (citation omitted). The contended statement is a reference to a previous holding—a narrow one at most—that the Bankruptcy Court made in a footnote when ruling on the parties' cross-motions to exclude expert testimony in May 2020.

At that point in time, the Bankruptcy Court admitted Mr. Hommerding's expert testimony—a ruling favorable to Laspro—while noting as follows:

> "[T]he Court agrees with the Defendants that Mr. Hommerding did not explain what information was triangulated from what documents against what other information to arrive at what conclusions[23], just collectively what documents he and his team used for this cross-checking.

> [23]A good example of this is Mr. Hommerding's testimony regarding the tracing of the payments to purchase the artwork and apartments. It is unclear what information Mr. Hommerding or his team looked at to render an opinion regarding what money was used to purchase the artwork and the apartments available <u>although the Court notes that it appears that Mr. Hommerding is not opining that the money is traceable</u>. See Hommerding Deposition page 223."

(ECF No. 202 10 in the Bankruptcy Case) (emphasis added).

In May 2020, the Bankruptcy Court was ruling on the basis of Mr. Hommerding's deposition testimony, without the benefit of hearing Mr. Hommerding live. (*See id.*; *see also* Tr. Oral Arg. on Mot. Summ. J. 72-73, 75-78, ECF No. 11.) Logically, that gave rise to the Bankruptcy Court's language concerning what it understood Mr. Hommerding's testimony "appeared" to offer at that point in time, which holding the Court does not now disturb. Additional testimony from Mr. Hommerding may be forthcoming thereby detracting from any sort of preclusive effect the Bankruptcy Court's May 2020 holding could be said to have. (*See* Order on Mot. for Reconsideration 3, ECF No. 224 in the Bankruptcy Case.)

The statement as contained in the PFFCL presents as mere *dictum* and cannot be divorced from its context. Its function is to simply point to both sides' competing expert testimony to allow for the conclusion that the money's traceability remains in genuine dispute. That fact, in turn, supports the Bankruptcy Court's conclusion that Laspro's motion for summary judgment should be denied. Nowhere does the PFFCL establish a "finding that Hommerding did not testify that dividends paid to the Indio da Costas could be traced to the purchase of the Apartments and Art . . ." as the Defendants purport. (*See* Def. Resp. 7.)

Last but not least, Laspro objected to the statement in the PFFCL "insofar as it may be a finding of fact and/or a conclusion of law . . . ." (Pl. Obj. ¶ 8.) Having found that the statement does not constitute a finding of fact or a conclusion of law in the context of the PFFCL, the Court has disposed of Laspro's objection. Simply put, the statement is a reference to the Bankruptcy Court's understanding of Mr. Hommerding's deposition testimony as of May 2020.

### 4. Conclusion

Accordingly, the Court **adopts** the Bankruptcy Court's PFFCL **(ECF No. 228 in Bankruptcy Case No. 16-01315-BKC-LMI)** and **denies** the

Defendants' motion **(ECF No. 13) as moot**. This case shall remain administratively **closed** until notice from the Bankruptcy Court that this case is ready for trial.

**Done and ordered**, in chambers at Miami, Florida, on March 3, 2022.

Robert N. Scola, Jr.
United States District Judge